

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL NO. 23-CR-202-8 (BAH) |
| v. | : |
| CAMERON XAVIER REID, | : |
| Defendant. | : |

### STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.    Summary of the Plea Agreement

Defendant agrees to admit guilt and enter a plea of guilty to Count 1 of the Indictment, charging him with Conspiracy to Possess with the Intent to Distribute 100 Kilograms or More of Marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(vii).

II.    Elements of the Offense

The essential elements of the offense of conspiracy to possess 100 kilograms or more of marijuana with the intent to distribute it, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) An agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance, that is, marijuana;

(2) The defendant intentionally joined in that illegal agreement; and

(3) The amount of said mixture and substance, which includes the reasonably foreseeable conduct of all the members of the conspiracy known to the defendant, was 100 kilograms or more.

III. <u>Penalties for the Offense</u>

The penalties for Conspiracy to Possess with the Intent to Distribute a Detectable Amount of Marijuana, in violation of Title 21, United States Code, Sections 846, 860(a), 841(a)(1) and 841(b)(1)(B)(vii), are as follows:

(1) a term of imprisonment of no less than 60 months and no greater than 40 years,

(2) a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000,

(3) a term of supervised release of at least four years in addition to such term of imprisonment,

(4) an obligation to pay any applicable interest or penalties on fines and restitution not timely made, and

(5) a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

IV. <u>Brief Statement of the Facts</u>

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1. The Defendant is a member of the Kennedy Street Crew, also known as "KDY," a group of individuals who operate as a street crew in and around the 100-1200 blocks of Kennedy Street in Northwest, Washington, D.C., as well as the surrounding streets. The Kennedy Street Neighborhood contains commercial businesses, public recreation centers, private residences, daycare facilities, and schools, all of which were surrounded by prolific open air drug trafficking markets operated by KDY members, including the Defendant.

2. As part of KDY's conspiracy to traffic narcotics in the Kennedy Street Neighborhood,

2

members of the crew, including the Defendant, regularly flew to the Western United States, including Los Angeles, California, to procure bulk quantities of marijuana. The crew members would then smuggle the marijuana back to the District of Columbia via the Washington, D.C. Metropolitan Area's international airports, and then resell the marijuana at significant profit in the Kennedy Street Neighborhood.

3. As part of his participation in this component of the Kennedy Street Crew's drug trafficking *modus operandi*, the Defendant traveled to the Western United States, primarily to Southern California, for the purpose of smuggling marijuana back to the District of Columbia on multiple occasions over the course of the charged conspiracy. Over the course of the Defendant's participation in the Kennedy Street Crew's drug trafficking operation, the amount of marijuana possessed with the intent to distribute that was reasonably foreseeable to the Defendant is more than 100 but less than 400 kilograms.

4. During the course of the Defendant's participation in the conspiracy, on October 26, 2022, members of DEA's High Intensity Drug Trafficking Area ("HIDTA") Airport Group 11 conducted an interdiction operation at Washington Dulles International Airport. Law enforcement learned that the Defendant, along with several KDY members, were traveling back to IAD on a flight from Los Angeles International Airport. A review of the flight's baggage records revealed that the traveling party had checked seven pieces of luggage at LAX, including checked bags in the Defendant's name.

5. Law enforcement utilized a K-9 officer in the baggage screening area of IAD, who subsequently alerted for the presence of narcotics in the checked bags, including

baggage checked under the Defendant's name.

6. Upon encountering the Defendant and additional KDY associates at the baggage claim area of IAD as they were retrieving several pieces of luggage that had been identified as containing narcotics, law enforcement temporarily detained the traveling party. After obtaining a Virginia state search warrant to search the luggage, law enforcement officers discovered approximately 90 kilograms of marijuana in the checked luggage.

7. Ledgers and communications obtained over the course of the conspiracy further indicate that the Defendant worked in conjunction with members of the Kennedy Street Crew to procure bulk quantities of marijuana at wholesale prices for the purpose of redistribution in the District of Columbia at significant profit.

8. For example, the Defendant regularly communicated with a co-defendant of his in Criminal Case No. 23-cr-202 (BAH) regarding the cultivation of customers for bulk quantities of narcotics possessed by the Defendant and/or his co-conspirator at a given time. Examples of this coordination include text messages from the Defendant to his co-defendant stating that the Defendant had "2 plays for some [marijuana], ima come get the bag of [marijuana] in the morning ima call you."

9. The Defendant further agrees that he personally does not have information to dispute or disprove any of the allegations set forth against his co-defendants in the indictment in Criminal Case No. 23-cr-202 (BAH).

10. This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but it is a minimal statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty

to the charged crimes.

11. This Statement of the Offense fairly and accurately summarizes and describes some of the Defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By: /s/ *Matthew W. Kinskey*
MATTHEW W. KINSKEY
SITARA WITANACHCHI
D.C. Bar No. 1031975 (Kinskey)
D.C. Bar No. 1023007 (Witanachchi)
Assistant United States Attorneys
U.S. Attorney's Office
Violence Reduction & Trafficking Offenses
601 D Street, NW
Washington, D.C. 20530

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Conspiracy to Possess with the Intent to Distribute 100 Kilograms or More of Marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(vii). I have discussed this proffer fully with my attorney, Alvin H. Thomas, Jr., Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 02.12.24

*Cameron X. Reid*
CAMERON XAVIER REID
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to one count of Conspiracy to Possess with the Intent to Distribute 100 Kilograms or More of Marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(vii). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 2-12-24

Alvin H. Thomas, Jr., Esq.
Attorney for Defendant